IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ARANESIA SELLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 3:08-1149 |
| | ) | JUDGE TRAUGER/KNOWLES |
| | ) | |
| FIRST MEDICAL MANAGEMENT, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon a "Motion to Dismiss" filed by Defendant, pursuant to Fed. R. Civ. P. 37(d) and 41(b). Docket No. 18. The Motion is supported by a Memorandum of Law (Docket No. 19) and the Declaration of one of counsel for Defendant (Docket No. 20).[1]

Plaintiff has not filed a Response to the Motion.

Plaintiff filed this pro se Title VII case against Defendant on November 26, 2008,

---

[1] The Court notes that the Declaration of Defendant's counsel states in part, "I declare, under penalty of perjury of the laws of the State of Tennessee, that the foregoing is true and correct to the best of my knowledge." Docket No. 20, p. 3. Declarations under penalty of perjury are governed by 28 U.S.C. § 1746, which essentially provides that if any matter is required to be supported or established by oath or affidavit, such matter may be supported or established by an unsworn declaration "in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form: . . . (2) If executed within the United States, its territories, possessions, or commonwealths: 'I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)'".

Counsel's statement regarding the laws of the State of Tennessee could be construed to render her Declaration invalid under § 1746. The Court need not decide this issue, however, because it is not necessary for counsel's statements to be supported by an oath or affidavit.

alleging that Defendant unlawfully terminated her employment because of her race and sex, and retaliated against her for "getting counsel from human resources."  Docket No. 1, p. 3.

On May 12, 2009, Defendant filed a Motion to Compel Plaintiff to Respond to Interrogatories and Requests for Production of Documents.  Docket No. 15.  According to that Motion, Plaintiff had completely failed to respond to the discovery requests.  The undersigned subsequently entered an Order (Docket No. 17) granting the Motion to Compel and ordering Plaintiff respond to the Interrogatories and Requests for Production of Documents on or before July 10, 2009.  Docket No. 17.  The Order also stated in relevant part, "Plaintiff is warned that if she fails to comply with this Order she is subject to sanctions as set forth in Fed. R. Civ. P. 37(b)(2), including the dismissal of this action with prejudice."  *Id*., p. 1.

The Declaration of Defendant's counsel establishes that she sent Plaintiff correspondence on April 14, 2009, requesting in part that Plaintiff provide dates on which she was available to have her deposition taken.  Docket No. 20, p. 1.  Defendant's counsel spoke with Plaintiff by telephone on April 17, 2009, and again requested dates for Plaintiff's deposition.  Counsel did not receive any such dates from Plaintiff, so, on April 23, 2009, counsel sent Plaintiff a deposition notice scheduling Plaintiff's deposition for May 28, 2009, at 9:00 a.m.  The Declaration further states:

> 8. On May 26, 2009, counsel for [Defendant] was able to contact Plaintiff regarding her upcoming deposition by telephone.  During this telephone call, Plaintiff informed counsel for [Defendant] that she would not attend the deposition scheduled for May 28, 2009.  In a more troubling move, Plaintiff refused to provide alternative dates on which her deposition could be held because Plaintiff had moved to California.  Plaintiff did not provide counsel for [Defendant] with her new address, nor has she provided the Court with her new address.

2

> 9. During the telephone call on May 26, 2009, Plaintiff unequivocally stated that she did not plan to return to Tennessee to attend any proceeding in the case, including her deposition.

*Id*., p. 2-3.

Thereafter, Plaintiff failed to appear for her deposition on May 28, 2009. *Id*., p. 3.

Fed. R. Civ. P. 37(d)(1) provides in relevant part that a court may order sanctions, including the sanction of dismissal, if a party fails, after being served with proper notice, to appear for her deposition.

Fed. R. Civ. P. 41(b) provides in relevant part, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

Finally, Fed. R. Civ. P. 37(b)(2)(A)(v) provides that a court may dismiss an action if a party fails to obey an Order to provide or permit discovery.

The Court previously ordered Plaintiff to respond to Defendant's Interrogatories and Requests for Production of Documents on or before June 10, 2009. There is nothing in the record to indicate that Plaintiff has done so. Additionally, Plaintiff failed to attend a properly-noticed deposition, and advised Defendant's counsel that she did not plan to return to Tennessee to attend any proceeding in this case, including her deposition.

For the foregoing reasons, the undersigned recommends that this action be DISMISSED WITH PREJUDICE.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten

3

(10) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within ten (10) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

                               _____
                               E. Clifton Knowles
                               United States Magistrate Judge